IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shahin Edalatdju and Nasila Edalatdju, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | ) No. 09 CV 8017 |
| | ) Judge Elaine Bucklo |
| Guaranteed Rate, Inc., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT GUARANTEED RATE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes the Defendant, Guaranteed Rate, Inc., by and through its Attorneys, Ciardelli and Cummings, and in response to Plaintiffs' Complaint states as follows:

1. Defendant has no knowledge of the truth or falsity of the facts as alleged in paragraph one and therefore denies same and demands strict proof thereof.
2. Defendant admits the allegations of this paragraph.
3. Defendant has no knowledge of the truth or falsity of the facts as alleged in paragraph three and therefore denies same and demands strict proof thereof.
4. Defendant does not respond to this paragraph as it is not an allegation of fact.
5. Defendant does not respond to this paragraph as it is not an allegation of fact.
6. Defendant has no information regarding the truth or falsity of the allegation of this paragraph and therefore denies same and demands strict proof thereof.
7. Defendant has no knowledge regarding the communications between American Invesco and the plaintiffs and therefore denies the allegations of this paragraph and demands strict proof thereof.
8. Defendant has no knowledge of the truth or falsity of the facts as alleged in paragraph eight and therefore denies same and demands strict proof thereof.
9. Defendant has no knowledge of the truth or falsity of the facts as alleged in paragraph nine and therefore denies same and demands strict proof thereof.

10. Defendant has no knowledge of the truth or falsity of the facts as alleged in paragraph ten and therefore denies same and demands strict proof thereof.
11. Defendant admits that loan applications were completed for each unit as requested by the plaintiff with information provided by the plaintiffs.
12. Defendant denies the allegations as they are phrased in this paragraph.
13. Defendant denies the allegations as stated herein but admits that Guaranteed Rate, Inc. had contacted Lazer regarding performing appraisals on unit at 10 E. Ontario.
14. Defendant states that the allegations of this paragraph call for a legal conclusion and further, Defendant Guaranteed Rate cannot answer as to Defendant Lazer
15. Defendant admits knowledge that the plaintiffs were purchasing four separate units but can either admit or deny as to whether plaintiffs were at any time intending to reside in any of the units.
16. Defendant has no knowledge as to Defendant's Lazer state of mind.
17. Defendant admits that Lazer's appraisal reports were received on or about November 21, 2005. Defendant admits that loans were secured for each unit. Defendant admits that closings for these units took place on or about November 29, 2005.
18. Defendant admits that it is obligated to comply with applicable State and Federal law.
19. Defendant denies the duty as it is stated herein.
20. Defendant denies the allegations of this paragraph.
21. Defendant admits the allegations of this paragraph.
22. Defendant has no knowledge as to the plaintiffs' state of mind as alleged in this paragraph. Defendant admits that those loans were never refinanced by Guaranteed Rate.
23. Defendant has no record of the alleged date of the alleged request in this paragraph. Defendant denies the other allegations as they are phrased in this paragraph.
24. Defendant has no knowledge of plaintiffs' state of mind and therefore denies this allegations and demands strict proof thereof.

25. Defendant has no knowledge of the truth or falsity of the facts as alleged in paragraph twenty five and therefore denies same and demands strict proof thereof.

26. These allegations are not directed to the Defendant Guaranteed Rate Inc., and therefore Defendant denies same and demands strict proof thereof.

## COUNT II
### (Conspiracy)

35. Defendant Guaranteed Rate does not respond to this paragraph where it incorporates paragraphs 27 through 34 as those paragraphs comprise plaintiffs count I which was dismissed by this Honorable Court. Further those paragraphs do not pertain to any conspiracy allegation which is purportedly the claim alleged by plaintiffs in Count II.

36. Defendant denies the allegation as stated in this paragraph but admits that Lazer had performed appraisals for Guaranteed Rate prior to the dates as alleged in plaintiff complaint.

37. Defendant denies the allegation as they are stated in paragraph 37 but admits that to the best of Defendants knowledge Lazer conducted his appraisal services in accord with applicable State and Federal law.

38. Defendant denies the allegation as stated in this paragraph.

39. Defendant denies the allegation as stated in this paragraph.

40. Defendant denies the allegation as stated in this paragraph.

41. The allegation of this paragraph are not directed at Defendant Guaranteed Rate therefore Defendant Guaranteed Rate denies same and demands strict proof thereof.

42. Defendant denies the allegation of this paragraph.

43. Defendant denies the allegation of this paragraph.

44. Defendant denies the allegation of this paragraph.

WHEREFORE, Defendant, Guaranteed Rate, Inc. prays that Count II of Plaintiff's Complaint be dismissed with prejudice and with Defendant's costs assessed and necessary attorney's fees being assessed against the Plaintiffs herein.

### Defendant Guaranteed Rate, Inc.'s Affirmative Defenses

Now comes the Defendant Guaranteed Rate, Inc. by and through its attorneys, Ciardelli and Cummings and propounds the following affirmative defenses:

### First Affirmative Defense

1. Plaintiff alleges the foregoing "Conspiracy" count against Guaranteed Rate.

2. The alleged illegal or wrongful act forming the alleged basis of this conspiracy is fraud.

3. Plaintiffs were fully aware of the risks and validity of their venture as described in plaintiff's complaint.

4. Plaintiffs were fully aware of the fair market value of the properties they purchased.

5. Plaintiffs knew or should have known of the appraised value of each of their units at a time prior to closing.

6. With this knowledge as aforesaid there was no reasonable reliance on the appraisals as stated in plaintiff's complaint.

### Second Affirmative Defense

Plaintiffs are guilty of laches as they failed to take reasonable and timely action to determine any alleged inaccurate evaluation of their properties.

### Third Affirmative Defense

Plaintiffs failed to take reasonable steps to preserve the value of the units purchased and therefore failed to mitigate the damages as alleged in plaintiff's complaint.

### RESERVATION

Defendant Guaranteed Rate, Inc. hereby reserves its right to propound additional affirmative defenses in timely fashion as additional facts become known through the litigation of this cause.

### JURY DEMAND

Defendant Guaranteed Rate, Inc. hereby demands trial by jury.

*/s/ Patrick M Cummings*
CIARDELLI AND CUMMINGS
Attorneys for the Defendant, Guaranteed Rate, Inc.
19 West Jackson Boulevard, #300
Chicago, Illinois 60604
Phone: (312) 346-2522