# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8017 | **DATE** | 7/12/2011 |
| **CASE TITLE** | Edalatdju et al.  Vs. Guaranteed Rate, Inc. Et al. | | |

**DOCKET ENTRY TEXT**

Motion hearing held.  For the reasons stated on the record, plaintiffs' motions to compel [83] and [85] are granted in part and in denied in part as set out below.  All parties will supplement their Rule 26(a)(1) disclosures by 7/22/2011.  All documents, answers and affidavits required by this order shall be served by 7/22/11. Status hearing previously set for 7/27/2011 to stand.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

01:30

---

# STATEMENT

<u>Plaintiffs' motion to compel as to defendant Ben Lazer [83] is ruled upon as follows</u>:
Document request no.5: Lazer shall conduct an additional search for documents, including but not limited to any appraisal work papers,  relating to any appraisals that he performed with respect to any of the units in the 10 E.  Ontario Place building.  He shall produce any additional documents located and serve an affidavit describing his search.

Document request no.7 is denied.

Document request no.  8: Lazer shall produce documents sufficient to show the fees he received from defendant Guaranteed Rate, Inc.  ("GRI") for appraisals during the period August through November 2005, including but not limited to fees for the subject four condominium units.

Interrogatory 9 and 10: Lazer shall serve an additional answer stating the total number of appraisals that he conducted for GRI during the period of August through November 2005 and the total fees billed to GRI during that period.

<u>Plaintiffs' motion to compel as to defendant Guaranteed Rate, Inc.  ("GRI")  [85] is ruled upon as follows</u>:
Document  request no. 1 is denied as moot.

Document  request no. 2: GRI  will conduct an additional search of its electronically stored information for communications between any GRI  representative and either of the plaintiffs during the year 2005, and produce any additional documents located.  GRI shall serve an affidavit describing its search of its ESI.

Document request no. 3: GRI shall conduct an additional search for both paper and electronically stored

## STATEMENT

information of communications during 2005 between any representative of GRI and Ben Lazer relating to the four properties at issue, and shall produce any responsive documents uncovered by the search. GRI shall serve an affidavit describing its search.

Document request no. 4: GRI shall produce any documents GRI received from American Investco regarding the "2-2-2" program prior to and in connection with American Investco's designation of G.R.I. as a preferred lender.

Document request no. 5: GRI shall produce any and all documents evidencing the fair market value of the four subject condominium units during the period of August 2005 - November 2005. Document requests nos. 6 and 7 are denied.

Interrogatory 2: GRI will serve a further answer to interrogatory no. 2 identifying the underwriter for loans no. 2005062900 and 2005062903.

Interrogatory no. 17 : GRI shall serve a further answer identifying any unit used as a comparable in Lazer's appraisal for the four subject condominiums as to which GRI made the loan used in the compared transaction.

Interrogatories 18, 19, 20 and 21 are denied.